The court is taking up case number 425-0468, Richard Pence v. Brendan Kelly. And counsel for the appellate, if you'll please state your name for the record. Thomas G. Madd, M-A-H-E. Thank you. And counsel for the appellate, if you'll please state your name for the record. Samantha Sherman, S-P-H-E-R-M-A-N. Thank you. And counsel for the appellate, you may proceed with your argument. Thank you. May it please the court, counsel, my name is Thomas Madd. I represent the appellate plaintiff, Richard Pence. This is an appeal of a dismissal of plaintiff's second amended complaint. It's a dismissal under a 2-615 motion, dismissal on the pleadings. Case challenge is a portion, not the entirety, a portion of the Floyd Card Act. Specifically, clear and present danger reports is applied under these sets of facts. Count 1, plaintiff is brought against Brendan Kelly, the director of the Illinois State Police, in his official capacity under section 1983. Seeking, substantively, the restoration of his Floyd Card, along with ancillary related relief. Counts 2 and 3 seek damages against an officer, Matos, under section 1983, who is responsible, we believe, for the clear and present danger report that triggered this issue. Again, all of them were dismissed on the pleadings. As to count 1, the trial court... Why would he believe Officer Matos was responsible? Because Officer Matos approached my client at home, attempted to interrogate him. My client advised that he did not wish to speak with Mr. Matos, and Mr. Matos advised that as a result of that, that he would be losing his Floyd Card. Thank you. That statement right there, you've just put more facts into the record than existed in your brief. So, go ahead. Substantively, we're seeking to restore the Floyd Card. What happened to it? It was revoked on a clear and present danger report. Did you ever put in your brief that it was revoked? I wrote in the brief to the complaint. It's suspended, revoked, invalidated. Invalidated is all you ever used. Invalidated... How are we supposed to know what that means? It means invalidated... Now, how are we supposed to know what invalidated means when the statute refers to either revoked or suspended? Whatever the status of it is, invalidated means it's not any good anymore. Is that all you pled in your complaint?  In the complaint... Exactly. In paragraph 14 of the second amendment complaint, it was invalidated. What's that mean? Invalidated means it's no longer valid. What's it mean to the court? You're alleging there's an interest or right to a license, but you're not telling the court what the actual status of it is. You don't tell if it was revoked, whether it was suspended. You just use a vague term that's not even included in the statute. If a license is invalidated, I think in the plain English, that that means that it's not any good. If your driver's license is invalid, then you can't drive. If your FOIA card is invalidated, you cannot possess a firearm. So what facts did you state to support that? The facts pleaded in the second amendment complaint are that Planish was a citizen and resident of Illinois, has a right to keep and bear arms, that he previously issued a FOIA card, that he's not been adjudicated or convicted of any crimes, anything mentally defective, so on and so forth, anything that would actually disqualify a person for possession of a firearm under the second amendment or statutory law, that there exists under 430 ALCS 65-841, this clear and present danger reporting system, and pleads was generally required to trigger that. We plead in the complaint. I'm sorry, I probably, it was a bad question. What relevant facts to the specific allegations that you raise on appeal are in your complaint? The relevant facts in the complaint are that my client is entitled under the second amendment to keep and bear arms. That's a conclusion. That he's not been convicted of any crimes, that he's not been adjudicated or mentally defective, that he got no prior notice of this clear and present danger report. To this day, he does not know exactly what is set forth in it because it's kept secret. Did you ask for a review? The statute provides for a review. Under U.S. Supreme Court precedent, we are not required to ask for a review. I'm just asking you if you asked for a review. To answer your question, no. Okay. In order to ask for a review, you'd have to have some idea of what the allegations are, and those are not provided, because they're confidential under the statute. So we would affirmatively have to, as part of a review, disprove allegations that we don't know what they are. That's interesting, because as your complaint proceeded through its amendments, it started out being rather specific as to what the statement was, and then it became more and more vague as you amended it. How did we get there? The judge thought that we needed to plead different facts. As we go through, they're trying to plead additional facts to satisfy the trial court. So your idea of additional facts is to become more vague in your description? We didn't have the clear and present danger report. We attempted to get it in discovery, and we were not allowed to get it in discovery. We don't have a copy of the clear and present danger report. We'd love to have a copy of the clear and present danger report. If I had it, I'd have it attached to the complaint. Well, might I suggest that had you actually sought the review, then they're also supposed to provide the report to the board as well as to any court? My client's not a court. My client's not the board. I'm under U.S. v. Patsy out of the U.S. Supreme Court. I'm assuming you're being intentionally obtuse. No, Your Honor. Or you're being disrespectful. I do not... So neither one of those is going to be a problem. Now, let's back up. Yes, sir. There is a procedure by which you can obtain all of the information that you should have had in your complaint. You didn't. You didn't plead any facts. You pled conclusions, and that's why you're here today because the trial court doesn't have any obligation to insert the facts for you. And I hate to break this to you, but neither do we. I understand what you're saying, Your Honor. But they are facts that are not available to my client. Under U.S. v. uh... Outside of the U.S. Supreme Court says we are not obliged to go through administrative remedies as to bring a 1983 case. That's U.S. v. Patsy. That's true. Well, if the information is kept secret from my client and we plead that my client doesn't have this information, then we cannot type in the information. Furthermore, our Supreme Court has set forth that no complaint is defective for a failure to plead specificity if it can be discerned what the allegations of the complaint are, unless there is no set of facts that can be proven that would entitle the plaintiff to relief. In this case... Yes, Your Honor. Is there a different standard of fact pleading when there's a constitutional violation? Where you're alleging a constitutional violation? Illinois is generally a fact pleading regime. Yeah, is that relaxed at all on this type of case? I don't believe so, except that we aren't required to plead facts that we don't know, and we do affirmatively plead. We do not know what Mr. Matos put in the clear and present danger report that we believe that he sent in. That is expressly pleaded in the complaint. Counsel, can you direct me to a page in the record where the qualified immunity issue was discussed before the trial court, other than what appears to me to be a conclusion that the phrasing the court used is because it didn't, the facts did not show any violation of clearly established right. Is there anything further in the record? I don't have the complete record in front of me. I'm happy to go and supplement, but I know it was discussed from time to time, and that language was discussed from time to time in front of us. Using the words qualified immunity. Yes. Perhaps not in the exact motion to dismiss that was referenced in the second amendment to the plight, but in the record previously, the concept of qualified immunity had been discussed. I would suggest to you Mr. Mag that the court never mentioned the words qualified or immunity either together or separately. In its order, I agree that it did not say qualified immunity. Well, we wouldn't know about anything else because you didn't get a record. There is no transcript. You didn't seek a bystander's report. We're basing this off of a docket entry. Yes. You as the appellant had the obligation to provide us with the record. You've elected apparently not to. So how would we know that? It's a de novo review. We can't review something de novo that we don't have. You have elected not to provide us with a record of what transpired before the court, but yet now you are arguing to us the things that happened before the court. We don't have any way of knowing that. It was your burden to provide that to us. You've chosen not to. Okay. That's your choice. There is nothing in the court's docket order, which is all we've got, that ever uses the words qualified or immunity in any fashion whatsoever. I agree with that statement. What it did say is that the law was not clearly established. Clearly established is the standard used for qualified immunity. Just because you used the words clearly established doesn't mean he's referring to qualified immunity, especially if it's never been raised anywhere in the litigation. But of course we wouldn't know that, would we? That is the argument that I presented. I understand what your honor is saying. We are here on an appeal of a dismissal of the second amended complaint. There were prior arguments prior to the dismissal of the second amended complaint. It's not as though we've come in on one hearing and one hearing only. Of course when you amend a complaint, it supersedes all of the prior cases are striped out. All of the prior pleadings did need to say case. And therefore really what happened in there as far as whether or not the second amended complaint states a proper cause of action is irrelevant because they have been in fact superseded the original complaint, the first amended complaint. What we have before us is the second amended complaint with the dismissal, which is what we are seeking to appeal. I hope that answers your question. I didn't think there was a question pending for that answer, but that's okay. I apologize. Counsel, why shouldn't we find that the appellant forfeited his claims of violations of the first, second, and fourteenth amendment as they relate to Officer Amato's notification of appellant's dangerousness? Because we briefed the whether or not under Bruin a cause of action has been paid. I agree that the brief references exclusively of second amendment claims. But of course forfeiture is a limitation on the parties, not the courts. And I do believe that we have stated appropriately that the second amended complaint What did you just say? What did you just say before that about forfeiture? Forfeiture is a limitation on the parties, not the court. That's always interesting when I hear that. That may be true if we're saying it as our election to hear an issue or decide an issue. For counsel to say it means basically that forfeiture doesn't exist if you don't want it to. No, the forfeiture applies to you. If you fail to raise it, you forfeit it. The fact that we may decide that we choose not to assert the forfeiture and decide to address the issue is a completely different matter. But when an attorney argues that we'll judge forfeiture is on the parties and not the court. What's ignored is the fact that it's on the parties and oh by the way, you happen to be the party. So guess what, forfeiture applies. If we elect not to honor the forfeiture, that's our choice, but it's not an argument. It's not about an argument of counsel that then means, well judge, yes I did forfeit it but you go ahead and decide it anyway. But it is interesting. Go ahead. Thank you, Your Honor. In any event, we did raise the Bruins analysis which is the appropriate Second Amendment standard as relates to Mr. Matos. I believe that the Second Amendment claims as per Mr. Matos are not forfeited. They are properly before the court. I would concede, as I must, that the First Amendment discussion perhaps was not discussed in the brief. But once again, we go back to the issue of the record and whether they were discussed at the trial court and raised there. Isn't that really where we start that discussion? Well, I mean, I think that's potentially an issue but if we are required to have a transcript or a bystander report for every appeal, then very few appeals would take place of 615 motions. In my experience, most 615 arguments are argued at most courts that I appear in without a record. It is not uncommon that 615 dismissals are appealed. 615 dismissals are... We've just had two 615 motion hearings. We've had two appeals already today involving 2615. Complete records. So I don't know what you're talking about. And in the time... I don't know. I guess I'm on my 51st year in the law. I can't envision that many cases where there was no record. My experience has been somewhat different, I will concede. But this is a de novo review. Therefore, whatever arguments were made... Counselor, I pause you there. We go back to us review de novo. Don't you think we need to know what happened at the trial court record and what was presented there even if this court is not adopting the reasoning of the trial court? Isn't that what the record is available for us to review? And without that, that seems challenging for me. It seems we're limited to just what's before the court. And right now we have the docket entry that's been discussed. And you have the complaint. And that was, in candor, all that is needed to determine whether or not Plains has stated a cause of action under 735 ILC-5-615. The trial court could find that we did state a cause of action. This court might disagree and overrule it later on the pleadings. The reverse could be true. I've had cases where both this court and the trial court found that a cause of action has been stated. And that was overruled ultimately on appeal. It is a de novo review of what the pleadings, the second amendment complaint says. The second amendment complaint is presumed true. And all facts well pleaded in there are presumed true. The question is whether or not that states a cause of action. In this case, I respectfully suggest that it does. And unless there's any other questions, I will reserve my arguments for rebuttal. Seeing none, thank you, counsel. You have time in rebuttal. Thank you, Your Honor. Counsel, you may proceed with your argument. Good afternoon. May it please the court. Samantha Sherman on behalf of Appellee's State Director Kelly and Officer Matos.     All that Plaintiff has alleged in the complaint in this case is that there was some sort of interaction with Officer Matos, that Officer Matos reported that Plaintiff posed a clear and present danger either to himself or to others, and that Plaintiff's FOIA card was later invalidated by other state police officials. Plaintiff insists that this third-bare description is sufficient to state a claim that Section 8.1 of the FOIA Card Act, which is a reporting provision, is unconstitutional as applied to his particular facts and circumstances, as well as to state a claim against Officer Matos in his individual capacity for multiple constitutional violations. But Plaintiff's allegations simply are not sufficient under Illinois' fact-pleading standard, which requires a plaintiff to plead sufficient facts to state a claim for a legally recognized cause of action, and does not permit a plaintiff to plead near conclusions of fact or conclusions of law that are not supported by specific factual details. Defendants made this argument in their first motion to dismiss, and then again in the second motion to dismiss. The Circuit Court also dismissed, without prejudice, initially the First Amendment-amended complaint on this basis. So Plaintiff was provided with ample opportunity to respond to these arguments, and to provide additional facts in his amended complaints. But in this third version of the complaint, Plaintiff still refused to add any basic details about when, where, how this interaction unfolded. As a result, the Circuit Court correctly dismissed this case with prejudice for failure to state a claim. Counselor, if the plaintiff doesn't know the basis of the revocation in this case, how can he plead more specific facts? Certainly, Your Honor. So it has never been the defendant's position in this case that what was missing from this complaint necessarily were allegations about the content of the report that Plaintiff is alleging that Officer Matos submitted. Rather, we're saying that there are facts missing that are entirely within Plaintiff's knowledge about the interaction that he is alleging occurred between Plaintiff and Officer Matos. So those basic facts about what happened in this alleged interaction and afterwards, those types of facts are facts that Plaintiff certainly knows and could plead, but for some reason has decided not to include in his complaint. So certainly, although there might be situations it could be even the case here that Plaintiff in one of these cases might have an idea or might know based on conversations with the officer about what might be in the report. Certainly, Plaintiff's complaint is pleaded in a way that sort of leaves some wiggle room about whether that was the case here. For example, are you suggesting maybe what the plaintiff said to Officer Matos? Is that what you're saying? I certainly think so. Yes, I believe that any factual details about the interaction between Plaintiff and Officer Matos that is sort of the crux of this complaint that sort of triggers this apparent belief by Plaintiff that Officer Matos submitted a report that led to a revocation, those types of facts about that interaction I think at a minimum need to be included here. He says in the complaint things like he doesn't know precisely what statements Officer Matos is referring to or that Officer Matos is referring to certain statements. I think it's not even entirely it's not at all clear what Officer Matos said to him how much information was disclosed in this interaction so we don't really know and that's the central problem of this complaint. On appeal, Plaintiff argues that the Circuit Court ignored the Supreme Court's Second Amendment jurisprudence and it should have applied the two-step analysis in Bruin but again, Bruin is a comparative analysis that cannot be applied in a vacuum particularly where as here Plaintiff has repeatedly stated he's bringing only an as-applied challenge which necessarily turns on the specific facts and circumstances of the Plaintiff so without any description of the events giving rise to his Second Amendment claim there's simply no basis for the court to then say, okay, these are the facts let's apply Bruin to these facts and to conclude that Section 8.1 of the Foy Cart Act was unconstitutional as applied to the Plaintiff. Turning to the counts 2, 3, and 4 which are the Section 1983 counts against Officer Matos in his individual capacity Plaintiff's brief on appeal does not even attempt to argue that he alleged sufficient facts to see a Section 1983 claim against Officer Matos with respect to the qualified immunity finding and this court's questions what is in the record are defendant's motions to dismiss, the first motion to dismiss, second motion to dismiss and third motion to dismiss as well as the Circuit Court's first motion to dismiss without prejudice and the court's order on appeal, the dismissal with prejudice none of those motions from defendant or the Circuit Court's orders mention the words qualified immunity Plaintiff's suggestion here that qualified immunity was somehow an issue below or that defendant's made a qualified immunity argument is completely baseless there's nothing in the record to support that regardless this court's review is de novo so it can affirm on any basis in the record so even if the Circuit Court had made some kind of erroneous qualified immunity finding, again nothing to indicate that that was what the Circuit Court was assigning, this court of course does not, you know, can make its own determination about whether claims against Officer Matos were stated here and it's clear that the sparse factual allegations in the complaint simply are not enough to state a claim that Officer Matos is personally responsible for multiple constitutional violations based on this, some interaction which seems to be a very typical officer you know, at this level of generality is quite a typical officer citizen interaction without more factual details if the court has no further questions we ask that you refer in the Circuit Court's judgment thank you Counsel, Roberto Thank you Your Honor It is pleaded in the judgment unknown to plaintiff's comments attributed by defendant Matos to be stated by plaintiff precisely what is unknown to plaintiff defendant plaintiff Matos and I'm paraphrasing here intentionally with the purpose of having plaintiff's Floyd card sought to invalidate and retaliation for plaintiff not speaking with Matos' Floyd card and concealed carry license that is not a sufficient ground under the clear and present danger to invalidate, it's not sufficient grounds under Rahimi to invalidate it's not sufficient grounds under anything and as pleaded in the complaint most if not all of these clear and present danger reports are in fact approved we've been unable to obtain the actual information because it's confidential but based on information we have been unable frankly to find any clear and present danger reports that have been rejected they're difficult to find so if they are I can't guarantee that they haven't been but I certainly haven't been able to find any in my research sometimes they slip out did you identify how you obtained the information the number of cases that you were aware of or what sort of search you did did you survey any sort of facts did I plead for instance that I saw a TV interview of Brendan Kelly where he discussed the thing discussed the clear and present danger report the answer would be no no direct but I watched for instance a TV interview of Brendan Kelly where he said that the standard over review is I'm sorry de novo is preponderance of the evidence he discussed that and discussed the process in general I don't believe I'm required to plead that I saw I didn't in one of your earlier complaints I did plead that and that the trial court thought that was not appropriate for me to put in the pleading the bottom line is this my client at least on count one has pleaded sufficient facts that he is not mentally defective he is not credible he is not disqualified under the second amendment from possessing firearms he is presently unable to possess firearms because of this clear and present danger report those are the salient material facts my client at a minimum should be allowed to engage in substantive discovery to find out exactly what the claims are and if the state has any actual evidence to support them in a way that is sufficient to disqualify my client under Rahimi of the second amendment so be it but I don't think they do otherwise I think we would have seen it and I'd ask that this court reverse the dismissal and remand for further proceedings unless there's any further questions seeing none thank you counsel we will take this matter under advisement and the court stands in recess